1   ANDRÉ BIROTTE JR.
    United States Attorney
2   ROBERT E. DUGDALE
    Assistant United States Attorney
3   Chief, Criminal Division
    LANA MORTON-OWENS (Cal. SBN: 233831)
4   GRANT B. GELBERG (Cal. SBN: 229454)
    Assistant United States Attorneys
5   Major Frauds Section
        1100 United States Courthouse
6        312 North Spring Street
        Los Angeles, California 90012
7        Telephone: (213) 894-3547/2872
        Facsimile: (213) 894-3713/6269
8        E-mail: lana.morton-owens@usdoj.gov
            grant.gelberg@usdoj.gov
9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA

11               UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,      No. CR 11-922(A)-DDP (17)

14         Plaintiff,         PLEA AGREEMENT FOR DEFENDANT
                                THEANNA KHOU
15            v.

16  MIKE MIKAELIAN et al.,

17         Defendants.

18

19       1.   This constitutes the plea agreement between THEANNA KHOU

20  ("defendant") and the United States Attorney's Office for the

21  Central District of California (the "USAO") in the above-captioned

22  case.  This agreement is limited to the USAO and cannot bind any

23  other federal, state, local, or foreign prosecuting, enforcement,

24  administrative, or regulatory authorities.

25                  DEFENDANT'S OBLIGATIONS

26       2.   Defendant agrees to:

27         a)   At the earliest opportunity requested by the USAO and

28  provided by the Court, appear and plead guilty to counts Four

1  through Eight of the First Superseding Indictment in United States
2  v. United States v. Mike Mikaelian, et al., CR No. 11-922(A)-DDP,
3  which charge defendant with five counts of Structuring Transactions
4  to Evade Reporting Requirements in violation of 31 U.S.C.
5  § 5324(a)(3), (d).

6          b)   Not contest facts agreed to in this agreement.
7          c)   Abide by all agreements regarding sentencing
8  contained in this agreement.

9          d)   Appear for all court appearances, surrender as
10 ordered for service of sentence, obey all conditions of any bond,
11 and obey any other ongoing court order in this matter.

12         e)   Not commit any crime; however, offenses that would be
13 excluded for sentencing purposes under United States Sentencing
14 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
15 not within the scope of this agreement.

16         f)   Be truthful at all times with Pretrial Services, the
17 United States Probation Office, and the Court.

18         g)   Pay the applicable special assessments at or before
19 the time of sentencing unless defendant lacks the ability to pay and
20 prior to sentencing submits a completed financial statement on a
21 form to be provided by the USAO.

22         h)   Prior to sentencing, to execute all documentation
23 necessary to permanently surrender her Pharmacy Technician License
24 and not reapply for any Pharmacy related license in the future.

25    3.   Defendant further agrees:

26         a)   To disclose to law enforcement officials, at a date
27 and time to be set by the USAO, the whereabouts of, defendant's
28 ownership interest in, and all other information known to defendant

2

1  about, all monies, properties or assets of any kind derived from,
2  acquired as a result of or used to facilitate the commission of
3  defendant's illegal activities, and to forfeit all defendant's
4  right, title, and interest in and to such items; and

5          b)    To the entry as part of defendant's guilty pleas of a
6  personal money judgment of forfeiture against defendant in the
7  amount of $105,826, which sum defendant admits represents structured
8  funds in violation of 31 U.S.C. § 5324(a)(3).  Defendant understands
9  that the personal money judgment of forfeiture is part of
10 defendant's sentence, and is separate from any fines, restitutions,
11 costs or any other penalties the Court may impose;

12         c)    To the Court's entry of an order of forfeiture at or
13 before sentencing with respect to the personal money judgment of
14 forfeiture.  With respect to any criminal forfeiture relative to the
15 personal money judgment of forfeiture which is ordered as a result
16 of this plea agreement, defendant waives the requirements of Federal
17 Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the
18 forfeiture in the charging instrument, announcements of the
19 forfeiture at sentencing, and incorporation of the forfeiture in the
20 judgment.  Defendant acknowledges that forfeiture is part of the
21 sentence that may be imposed in this case and waives any failure by
22 the Court to advise defendant of this, pursuant to Federal Rule of
23 Criminal Procedure 11(b)(1)(J), at the time the Court accepts
24 defendant's guilty pleas;

25         d)    That the personal money judgment of forfeiture shall
26 not be counted toward satisfaction of any special assessment, fine,
27 restitution, costs or any other penalty the Court may impose; and
28

                                    3

1        e)    To waive all constitutional and statutory challenges
2   to the entry of the personal money judgment of forfeiture on any
3   grounds, including any challenges based on the statute of
4   limitations or the Excessive Fines Clause.

5                          THE USAO'S OBLIGATIONS

6        4.   The USAO agrees to:

7             a)    Not contest facts agreed to in this agreement.

8             b)    Abide by all agreements regarding sentencing
9   contained in this agreement.

10            c)    At the time of sentencing, move to dismiss without
11  prejudice the remaining counts of the First Superseding Indictment
12  and the Indictment in United States v. Mikaelian, CR11-922(A)-DDP,
13  as well as the Indictment in United States v. Gregoryan, CR11-1075-
14  SJO, as against defendant.  Defendant agrees, however, that at the
15  time of sentencing the Court may consider any dismissed charges in
16  determining the applicable Sentencing Guidelines range, the
17  propriety and extent of any departure from that range, and the
18  sentence to be imposed.

19            d)    At the time of sentencing, provided that defendant
20  demonstrates an acceptance of responsibility for the offenses up to
21  and including the time of sentencing, recommend a two-level
22  reduction in the applicable Sentencing Guidelines offense level,
23  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move
24  for an additional one-level reduction if available under that
25  section.

26            e)    Recommend that defendant be sentenced to a term of
27  imprisonment no higher than the low end of the applicable Sentencing
28  Guidelines range.

                                   4

1

NATURE OF THE OFFENSES

2      5.   Defendant understands that for defendant to be guilty of
3 the crime charged in counts four through nine, that is, Structuring
4 Transactions to Evade Reporting Requirements in violation of 31
5 U.S.C. § 5324(a)(3), (d), the following must be true: (1) defendant
6 structured or attempted to structure a financial transaction; (2)
7 the transaction involved a domestic financial institution; and (3)
8 defendant acted knowingly and with the intent to evade the reporting
9 requirements of 31 U.S.C. § 5313(a) and regulations promulgated
10 thereunder.  Moreover, in order for defendant to be subject to the
11 sentencing enhancement pursuant to Title 31, U.S.C., Section 5324(d)
12 the structuring defendant engaged in occurred while violating
13 another law of the United States or as part of a pattern of any
14 illegal activity involving more than $100,000 in a 12-month period.

15

PENALTIES

16      6.   Defendant understands that the statutory maximum sentence
17 that the Court can impose for each violation of 31 U.S.C.
18 § 5324(a)(3), (d), is: 10 years imprisonment; a 3-year period of
19 supervised release; a fine of $500,000 or twice the gross gain or
20 gross loss resulting from the offense, whichever is greatest; and a
21 mandatory special assessment of $100.

22      7.   Defendant understands, therefore, that the total maximum
23 sentence for all offenses to which defendant is pleading guilty is:
24 50 years imprisonment; a 3-year period of supervised release; a fine
25 of $2,500,000 or twice the gross gain or gross loss resulting from
26 the offenses, whichever is greatest; and a mandatory special
27 assessment of $500.

28

5

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

10.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant

6

1  fully regarding the immigration consequences of the felony
2  conviction in this case.  Defendant understands that unexpected
3  immigration consequences will not serve as grounds to withdraw
4  defendant's guilty pleas.

5                          FACTUAL BASIS

6      11.  Defendant admits that defendant is, in fact, guilty of the
7  offenses to which defendant is agreeing to plead guilty.  Defendant
8  and the USAO agree to the statement of facts provided below and
9  agree that this statement of facts is sufficient to support a pleas
10 of guilty to the charges described in this agreement and to
11 establish the Sentencing Guidelines factors set forth in paragraph
12 13 below but is not meant to be a complete recitation of all facts
13 relevant to the underlying criminal conduct or all facts known to
14 either party that relate to that conduct.

15     At all times relevant to this plea agreement, defendant knew
16 that when a domestic financial institution is involved in a
17 transaction for the payment, receipt, or transfer of United States
18 coins or currency in an amount that exceeded $10,000, the financial
19 institution is required by law to file a currency transaction report
20 with the Department of the Treasury reporting the financial
21 transaction and identifying the individual conducting the
22 transaction.

23     At all times relevant to this plea agreement, defendant and co-
24 defendant Phic Lim owned and operated Huntington Pharmacy, within
25 the Central District of California.  Between approximately in or
26 about July 2009, and in or about February 2010, defendant knowingly
27 received cash that had been used to pay for OxyContin that was
28 dispensed from Huntington Pharmacy without medical necessity based

                                7

1  on fraudulent prescriptions issued by the "Lake Medical Group,"

2  located at 2120 West 8th Street, in Los Angeles, California

3  (hereinafter, the "Clinic").

4      On or about August 4, 2009, defendant, knowingly and for the

5  purpose of evading the above-stated reporting requirements,

6  separately deposited, or caused to be deposited, $1,662 and $9,000

7  in cash received from the Clinic for the diverted OxyContin, into

8  account ending in 0725, a bank account maintained by Chase Bank, a

9  domestic financial institution.

10     On or about August 5, 2009, defendant, knowingly and for the

11  purpose of evading the above-stated reporting requirements,

12  separately deposited, or caused to be deposited, $2,377, $8,000 and

13  $8,040 in cash received from the Clinic for the diverted OxyContin,

14  into account ending in 0725, a bank account maintained by Chase

15  Bank, a domestic financial institution.

16     On or about August 6, 2009, defendant, knowingly and for the

17  purpose of evading the above-stated reporting requirements,

18  separately deposited, or caused to be deposited, $2,000, $2,726, and

19  $8,000 in cash received from the Clinic for the diverted OxyContin,

20  into account ending in 0725, a bank account maintained by Chase

21  Bank, a domestic financial institution.

22     On or about September 5, 2009, defendant, knowingly and for the

23  purpose of evading the above-stated reporting requirements,

24  deposited, or caused to be deposited, cash received from the Clinic

25  for the diverted OxyContin in the amounts of $9,000 into account

26  ending in 0726, $9,000 into account ending in 8303, and $7,000 into

27  account ending in 2674, bank accounts maintained by Chase Bank, a

28  domestic financial institution.

On or about September 24, 2009, defendant, knowingly and for the purpose of evading the above-stated reporting requirements, deposited cash received from the Clinic for the diverted OxyContin in the amounts of $9,000 into account ending in 0726, and $9,000 into account ending in 8303, bank accounts maintained by Chase Bank, a domestic financial institution.

In total, defendant structured deposits amounting to approximately $105,826 between approximately August 2009, and November 2009. The cash deposits that defendant structured were proceeds from the sale of the OxyContin that Huntington Pharmacy dispensed without medical necessity based on fraudulent prescriptions issued by the Clinic.

Moreover, beginning sometime in late 2009, and continuing through mid-2010, defendant entered into an agreement with Lianna Ovsepian, Kenneth Johnson, and others operating Manor Medical Imaging, Inc. ("Manor"), a clinic located in Glendale, California. Based on this agreement, defendant knew and intended that Huntington Pharmacy would fill large volumes of prescriptions for anti-psychotic medications issued from Manor to Medicare and Medi-Cal beneficiaries. Manor drivers would bring such beneficiaries to Huntington Pharmacy, where the beneficiaries would fill the prescriptions; defendant also knew and intended that Huntington Pharmacy would then bill the service of filling the prescription to Medicare and Medi-Cal. During all or most of that period, defendant knew, or deliberately avoided knowing, that the beneficiaries did not in fact need the anti-psychotic medications prescribed to them by Manor.

1                      SENTENCING FACTORS

2       12.   Defendant understands that in determining defendant's

3  sentence the Court is required to calculate the applicable

4  Sentencing Guidelines range and to consider that range, possible

5  departures under the Sentencing Guidelines, and the other sentencing

6  factors set forth in 18 U.S.C. § 3553(a).  Defendant understands

7  that the Sentencing Guidelines are advisory only, that defendant

8  cannot have any expectation of receiving a sentence within the

9  calculated Sentencing Guidelines range, and that after considering

10 the Sentencing Guidelines and the other § 3553(a) factors, the Court

11 will be free to exercise its discretion to impose any sentence it

12 finds appropriate up to the maximum set by statute for the crimes of

13 conviction.

14      13.   Defendant and the USAO agree to the following applicable

15 Sentencing Guidelines factors:

16     Base Offense Level:          6        U.S.S.G. § 2S1.3(a)(1)

17     Structured amount exceeds    8    U.S.S.G. § 2B1.1(b)(1)(E)
       $100,000
18
       Proceeds of Unlawful
19     Activity                     2        U.S.S.G. § 2S1.3(b)(1)

20     Pattern of Unlawful Activity 2        U.S.S.G. § 2S1.3(b)(2)

21
       Acceptance of
22     Responsibility              -3        U.S.S.G. § 3E1.1(b)

23     Total Offense Level:         15

24 The USAO will agree to a two-level downward adjustment for

25 acceptance of responsibility (and, if applicable, move for an

26 additional one-level downward adjustment under U.S.S.G. § 3E1.1(b))

27 only if the conditions set forth in paragraph 3 are met.  Subject to

28 paragraph 24 below, defendant and the USAO agree not to seek, argue,

1  or suggest in any way, either orally or in writing, that any other
2  specific offense characteristics, adjustments, or departures
3  relating to the offense level be imposed. Defendant agrees,
4  however, that if, after signing this agreement but prior to
5  sentencing, defendant were to commit an act, or the USAO were to
6  discover a previously undiscovered act committed by defendant prior
7  to signing this agreement, which act, in the judgment of the USAO,
8  constituted obstruction of justice within the meaning of U.S.S.G.
9  § 3C1.1, the USAO would be free to seek the enhancement set forth
10 in that section.

11      Subject to paragraph 24 below, defendant and the USAO agree not
12 to argue, either orally or in writing, that the Court (a) not follow
13 the Sentencing Guidelines in imposing sentence; (b) impose a
14 sentence not in accordance with the Sentencing Guidelines; or (c)
15 impose a sentence outside the sentencing range for the Total Offense
16 Level stipulated to in paragraph 13 above. Notwithstanding this
17 agreement, defendant is specifically permitted to seek a two-level
18 Guidelines downward variance based on the 18 USC § 3553(a) factors,
19 and if the Court grants defendant's request, then to argue that any
20 term of imprisonment imposed by the Court may be served as home
21 confinement or a halfway house; the government is conversely
22 permitted to argue for the full term of imprisonment and oppose any
23 downward variance.

24      14.  Defendant understands that there is no agreement as to
25 defendant's criminal history or criminal history category.

26                    WAIVER OF CONSTITUTIONAL RIGHTS

27      15.  Defendant understands that by pleading guilty, defendant
28 gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to be represented by counsel – and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

1        LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2        17.   Defendant agrees that, provided the Court imposes a total
3    term of imprisonment on all counts of conviction of no more than 24
4    months imprisonment, defendant gives up the right to appeal all of
5    the following: (a) the procedures and calculations used to determine
6    and impose any portion of the sentence; (b) the term of imprisonment
7    imposed by the Court; (c) the fine imposed by the court, provided it
8    is within the statutory maximum; (d) the term of probation or
9    supervised release imposed by the Court, provided it is within the
10   statutory maximum; (f) the amount and terms of any money judgment of
11   forfeiture, provided it requires payment of no more than $105,826,
12   and (g) any of the following conditions of probation or supervised
13   release imposed by the Court: the conditions set forth in General
14   Orders 318, 01-05, and/or 05-02 of this Court; the drug testing
15   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d);.

16       18.   The USAO agrees that, provided (a) all portions of the
17   sentence are at or below the statutory maximum specified above and
18   (b) the Court imposes a term of imprisonment of no less than 18
19   months imprisonment, and (c) the amount and terms of any money
20   judgment of forfeiture, provided it requires payment of no less than
21   $105,826 the USAO gives up its right to appeal any portion of the
22   sentence.

23        RESULT OF WITHDRAWAL OF GUILTY PLEA

24       19.   Defendant agrees that if, after entering guilty pleas
25   pursuant to this agreement, defendant seeks to withdraw and succeeds
26   in withdrawing defendant's guilty pleas on any basis other than a
27   claim and finding that entry into this plea agreement was
28   involuntary, then (a) the USAO will be relieved of all of its

                                13

1  obligations under this agreement; and (b) should the USAO choose to
2  pursue any charge that was either dismissed or not filed as a result
3  of this agreement, then (i) any applicable statute of limitations
4  will be tolled between the date of defendant's signing of this
5  agreement and the filing commencing any such action; and
6  (ii) defendant waives and gives up all defenses based on the statute
7  of limitations, any claim of pre-indictment delay, or any speedy
8  trial claim with respect to any such action, except to the extent
9  that such defenses existed as of the date of defendant's signing
10  this agreement.

11                    EFFECTIVE DATE OF AGREEMENT
12       20.   This agreement is effective upon signature and execution
13  of all required certifications by defendant, defendant's counsel,
14  and an Assistant United States Attorney.

15                      BREACH OF AGREEMENT
16       21.   Defendant agrees that if defendant, at any time after the
17  signature of this agreement and execution of all required
18  certifications by defendant, defendant's counsel, and an Assistant
19  United States Attorney, knowingly violates or fails to perform any
20  of defendant's obligations under this agreement ("a breach"), the
21  USAO may declare this agreement breached.  All of defendant's
22  obligations are material, a single breach of this agreement is
23  sufficient for the USAO to declare a breach, and defendant shall not
24  be deemed to have cured a breach without the express agreement of
25  the USAO in writing.  If the USAO declares this agreement breached,
26  and the Court finds such a breach to have occurred, then: (a) if
27  defendant has previously entered guilty pleas pursuant to this
28  agreement, defendant will not be able to withdraw the guilty pleas,

                              14

1  and (b) the USAO will be relieved of all its obligations under this
2  agreement.

3      22.  Following the Court's finding of a knowing breach of this
4  agreement by defendant, should the USAO choose to pursue any charge
5  that was either dismissed or not filed as a result of this
6  agreement, then:

7          a)   Defendant agrees that any applicable statute of
8  limitations is tolled between the date of defendant's signing of
9  this agreement and the filing commencing any such action.

10         b)   Defendant waives and gives up all defenses based on
11 the statute of limitations, any claim of pre-indictment delay, or
12 any speedy trial claim with respect to any such action, except to
13 the extent that such defenses existed as of the date of defendant's
14 signing this agreement.

15         c)   Defendant agrees that: (i) any statements made by
16 defendant, under oath, at the guilty plea hearing (if such a hearing
17 occurred prior to the breach); (ii) the agreed to factual basis
18 statement in this agreement; and (iii) any evidence derived from
19 such statements, shall be admissible against defendant in any such
20 action against defendant, and defendant waives and gives up any
21 claim under the United States Constitution, any statute, Rule 410 of
22 the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
23 Criminal Procedure, or any other federal rule, that the statements
24 or any evidence derived from the statements should be suppressed or
25 are inadmissible.

26              COURT AND PROBATION OFFICE NOT PARTIES

27     23.  Defendant understands that the Court and the United States
28 Probation Office are not parties to this agreement and need not

15

1  accept any of the USAO's sentencing recommendations or the parties'
2  agreements to facts or sentencing factors.

3      24.  Defendant understands that both defendant and the USAO are
4  free to: (a) supplement the facts by supplying relevant information
5  to the United States Probation Office and the Court, (b) correct any
6  and all factual misstatements relating to the Court's Sentencing
7  Guidelines calculations and determination of sentence, and (c) argue
8  on appeal and collateral review that the Court's Sentencing
9  Guidelines calculations and the sentence it chooses to impose are
10 not error, although each party agrees to maintain its view that the
11 calculations in paragraph 13 are consistent with the facts of this
12 case.  While this paragraph permits both the USAO and defendant to
13 submit full and complete factual information to the United States
14 Probation Office and the Court, even if that factual information may
15 be viewed as inconsistent with the facts agreed to in this
16 agreement, this paragraph does not affect defendant's and the USAO's
17 obligations not to contest the facts agreed to in this agreement.

18     25.  Defendant understands that even if the Court ignores any
19 sentencing recommendation, finds facts or reaches conclusions
20 different from those agreed to, and/or imposes any sentence up to
21 the maximum established by statute, defendant cannot, for that
22 reason, withdraw defendant's guilty pleas, and defendant will remain
23 bound to fulfill all defendant's obligations under this agreement.
24 Defendant understands that no one -- not the prosecutor, defendant's
25 attorney, or the Court -- can make a binding prediction or promise
26 regarding the sentence defendant will receive, except that it will
27 be within the statutory maximum.

28

16

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney


IANA MORTON-OWENS                            8/16/13
GRANT B. GELBERG                             Date
Assistant United States Attorneys

THEANNA KHOU                                 8/15/13
Defendant                                    Date

MATTHEW LOMBARD                              8/15/13
Attorney for Defendant                       Date
THEANNA KHOU

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to

17

1  those terms. I have discussed the evidence with my attorney, and my
2  attorney has advised me of my rights, of possible pretrial motions
3  that might be filed, of possible defenses that might be asserted
4  either prior to or at trial, of the sentencing factors set forth in
5  18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,
6  and of the consequences of entering into this agreement. No
7  promises, inducements, or representations of any kind have been made
8  to me other than those contained in this agreement. No one has
9  threatened or forced me in any way to enter into this agreement. I
10  am satisfied with the representation of my attorney in this matter,
11  and I am pleading guilty because I am guilty of the charges and wish
12  to take advantage of the promises set forth in this agreement, and
13  not for any other reason.

14

15

THEANNA KHOU                    Date 8/15/13
16  Defendant

17

18                  CERTIFICATION OF DEFENDANT'S ATTORNEY

19      I am THEANNA KHOU's attorney. I have carefully and thoroughly
20  discussed every part of this agreement with my client. Further, I
21  have fully advised my client of her rights, of possible pretrial
22  motions that might be filed, of possible defenses that might be
23  asserted either prior to or at trial, of the sentencing factors set
24  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
25  provisions, and of the consequences of entering into this agreement.
26  To my knowledge: no promises, inducements, or representations of any
27  kind have been made to my client other than those contained in this
28  agreement; no one has threatened or forced my client in any way to

1  enter into this agreement; my client's decision to enter into this
2  agreement is an informed and voluntary one; and the factual basis
3  set forth in this agreement is sufficient to support my client's
4  entry of guilty pleas pursuant to this agreement.
5
   MATTHEW LOMBARD                                      Date
6  Attorney for Defendant
7  THEANNA KHOU
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19